IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. C 16-0744 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| J. GASTELO, Warden, | |
| Defendant. | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the case is **DISMISSED**.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that there are delays in the distribution of evening medication to inmates at his prison due to overcrowding. He claims that this violates the rulings in a pending class action, *Coleman v. Wilson*, 912 F. Supp. 1282 (E.D. Cal. 1995), which was consolidated with class action case, *Plata v. Schwarzenegger*, No. C 01-01351 TEH (N.D. Cal. filed 2001), and which involves the provision of medical care to prisoners in California. Plaintiff seeks an order on behalf of himself and all other inmates at his prison directing prison officials to relieve overcrowding at his prison and to hire back enough nurses to ensure more rapid distribution of medication prison-wide.

An individual suit for injunctive and equitable relief from allegedly unconstitutional prison conditions may be dismissed when it duplicates an existing class action's allegations and prayer for relief. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). The *Plata* class action does not bar individual inmates' claims for personal medical care because *Plata* had

2

sought systemic reform of medical care in California prisons, had determined that overcrowding was the primary cause of the systemic constitutional violations, and the *Plata* court concluded that only a reduction in prisoner population would remedy the constitutional violations. *Id.* at 1137. "[W]here a California prisoner brings an independent claim for injunctive relief solely on his own behalf for specific medical treatment denied to him, *Plata* does not bar the prisoner's claim for injunctive relief." *Id.* at 1133.

Here, plaintiff brings a claim for injunctive relief, not solely on his own behalf, but on behalf of all the inmates in his prison. *Compare id.* (district court erred in dismissing, as barred by *Plata*, an individual inmate's suit requesting an injunction for treatment of his shoulder and knee problems). He seeks an injunction for systemic reform of the medication distribution at his prison, relief from overcrowding and the hiring of additional medical personnel. As such, and as plaintiff states, his claim and the relief he seeks fall squarely within the purview of *Coleman/Plata*. Therefore, he may not bring it as an individual suit, but must instead seek to remedy the claimed violation through class counsel in the *Coleman/Plata* case.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**. The clerk shall close the file and enter judgment.

IT IS SO ORDERED.

Dated: May __4__, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3